IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

Robert and Fredrena Hilliard
5607 Church Rd
Bowie, MD 20720

    Plaintiffs

v.

Vivint, Inc
5132 North 300 West
Provo, UT 84604-5614

    Serve On:
    The Corporation Trust, Incorporated
    2405 York Road, Suite 201
    Lutherville Timonium, MD
    21093-2264

    Defendant

Case No. CAL19-28144

2019 AUG 26 PM 3: 22
PR GEO CO MD #28
Clerk of the Circuit Court

## COMPLAINT
### (NEGLIGENCE)

### I. INTRODUCTION

Plaintiffs, Robert and Fredrena Hilliard, through counsel, John T. Everett and **CHASENBOSCOLO** Injury Lawyers, bring this cause of action against the Defendant Vivint, Inc for damages resulting from their negligence, agency, negligent hiring, training, supervision, and gross negligence.

### II. JURISDICTION AND VENUE

1. This court's subject matter jurisdiction over this action is based on Md. Cts. & Jud. Proc. Code Ann. Section 1-501.

2. This Court's personal jurisdiction in this action is based on Md. Cts. & Jud. Proc. Code Ann. Section 6-102(a).

3. Venue is properly vested in this Court pursuant to Md. Cts. & Jud. Proc. Code Ann. Section 6-201(a) and (b).

### III. PARTIES

4. Plaintiffs, Robert and Fredrena Hilliard, are adult residents of Bowie in Prince George's County, Maryland.

5. Upon information and belief, Vivint, Inc (hereinafter "Vivint") is a company with principal place of business in Provo, Utah that regularly conducts business within Prince George's County, Maryland.

## IV. STATEMENT OF FACTS

6. On or about August 9, 2018, Defendant Vivint, themselves, and/or their employees, agents, or servants, installed photovoltaic panels and associated electrical equipment at the Hilliard residence at 5607 Church Road, Bowie, Maryland 20720.

7. At that time, Defendant Vivint's employees, agents, or servants were working with the consent, permission and/or instruction of Defendant Vivint and as such, were acting as agents of Defendant Vivint.

8. Defendant Vivint failed to obtain an electrical permit as required.

9. Defendant Vivint and/or their agent also improperly installed the equipment including but not limited to failing to protect the wiring from the disconnect switch to the load center with an overcurrent device, as required by the National Electric Code and the Inverter installation instructions. This resulted in extensive electrical arcing of the unprotected wiring and ignited a fire.

10. Defendant Vivint failed to properly hire, train, and supervise its employees, agents, or servants regarding the installation of the dangerous equipment as evidenced by their failure to properly and safely install the equipment in the Hilliard's home.

11. Defendant Vivint's choice to not hire a qualified installer, choice not to train the installer, and choice not to supervise the safe installation of the photovoltaic equipment demonstrates a conscious or deliberate disregard of a foreseeable harm which could result from ignoring safe hiring, training, and supervising practices.

12. Defendant Vivint's choice to not take all the necessary safety precautions when installing the photovoltaic equipment demonstrates a conscious or deliberate disregard of a foreseeable harm which could result from ignoring safety standards and practices.

13. On August 11, 2018, Robert Hilliard and his wife Fredrena Hilliard (here in after "Mr. and Mrs. Hilliard") were sleeping inside their home when an electrical fire started from the equipment recently installed by Defendant Vivint and/or their employees, agents, or servants.

14. At the time of the incident, it was the duty of the Defendant Vivint, its servants, agents and employees, to use ordinary and reasonable care in performing installation and inspection work on the premises under its maintenance in a reasonably safe manner.

15. At the time of the incident, it was the duty of the Defendant Vivint, its servants, agents and employees, to correct any dangerous and/or defective conditions which existed on the subject premises.

16. At the time of the incident, it was the duty of Defendant Vivint, its servants, agents, and employees, to get the necessary permits to perform work on the Hilliard residence.

17. At the time of the incident, it was the duty of Defendant Vivint, its servants, agents, and employees, to follow applicable safety standard when installing photovoltaic solar panels and equipment in a residence.

18. Defendant Vivint breached its duties when it did not use ordinary and reasonable care in performing installation and inspection work on the premises under its maintenance in a reasonably safe manner.

19. Defendant Vivint breached its duties when it failed to correct any dangerous and/or defective conditions which existed on the subject premises.

20. The incident occurred as a result of Defendant Vivint, its servants', agents' and employees', failure to use ordinary and reasonable care in performing installation and inspection work on the premises under its maintenance in a reasonably safe manner.

21. The incident occurred as a result of Defendant Vivint, its servants', agents' and employees', failure to correct any dangerous and/or defective conditions which existed on the subject premises.

22. When Defendant Vivint permitted its agent(s) to install photovoltair equipment on its behalf, it had a duty to refrain from placing a dangerous instrumentality in the custody of an individual who it knew or should have known would not handle the dangerous instrumentality consistent with the electrical safety rules then and there in effect.

23. Defendant Vivint breached this duty when it entrusted dangerous photovoltaic equipment to its agent who it knew, or should have known, would not handle that equipment consistent with the safety rules then and there in effect and would endanger those people in whose homes this equipment was installed. Defendant Vivint's agent endangered the Hilliards when it failed to install the photovoltaic equipment in a manner consistent with the electrical safety rules then and there in effect.

24. As a direct and proximate result of Defendant Vivint's negligence, Mr. and Mrs. Hilliard sustained severe and permanent injuries. These injuries include past, present and future pain, suffering, anguish, immobility, mental and emotional damages, anxiety, fear, and psychological trauma. These injuries have caused and will continue to cause Mr. and Mrs. Hilliard to expend great sums of money for hospitals, physicians and related care and treatment.

25. Mr. and Mrs. Hilliard neither contributed to the violation of the safety rules which caused his injury nor assumed the risk of the injuries sustained.

V. <u>STATEMENT OF CLAIMS</u>

<u>COUNT I</u>
(Negligence)

26. Plaintiffs, Robert and Fredrena Hilliard, incorporate the allegations of paragraphs one through twenty-three above and, in addition, aver that Defendant Vivint, Inc's conduct in this matter constitutes negligence justifying an award of monetary damages against them.

## COUNT II

### (Agency)

25. Mr. and Mrs. Hilliard incorporate the allegations of paragraphs one through twenty-four and, in addition, aver that Defendant Vivint, Inc. is vicariously liable for its agent's violation of safety rules in the installation of photovoltaic equipment and conscious disregard of the foreseeable danger of unsafe installation.

## COUNT III

### (Negligent Hiring, Training and Supervision)

26. Mr. and Mrs. Hilliard incorporate the allegations of paragraphs one through twenty-five and, in addition, says that Defendant Vivint, Inc. chose not to follow the rules for hiring, training and supervising employees who install photovoltaic equipment constituting negligence justifying an allowance of money damages against Defendant Vivint, Inc.

## COUNT IV

### (Gross Negligence)

22. Robert and Fredrena Hilliard incorporate the allegations of paragraphs one through twenty-one above and, in addition aver that Defendant Vivint, Inc.'s conscious and deliberate disregard of the National Electric Code, the relevant installation instructions, and safety standards as well as failure to hire, train, and supervise their installation team demonstrates a conscious and deliberate disregard of a foreseeable harm justifying an allowance of punitive damages against Defendant Vivint, Inc.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Robert and Fredrena Hilliard pray for a judgment in their favor against the Defendant Vivint, Inc and that damages be awarded in an amount to exceed SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus interest from the date of the subject occurrence and costs of this suit together with such other and further relief as this Court deems proper.

### JURY DEMAND

The plaintiffs demand a trial by jury on all issues presented.

Respectfully submitted,

CHASENBOSCOLO INJURY LAWYERS

By: _____
John T. Everett
7852 Walker Drive, Suite 300
Greenbelt, Maryland 20770
(301) 220-0050
Fax: (301) 474-1230
jeverett@chasenboscolo.com
*Counsel for the Plaintiffs*

Clerk of the Circuit Court
2019 AUG 26 PM 3:23
PR GEO CO MD #28